Case 2:25-cv-00140   Document 65   Filed on 12/03/25 in TXSD   Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAKE-SEAN: POLENDO, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-00140 |
| | § | |
| CORPUS CHRISTI MUNICIPAL COURTS, | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 35). The M&R recommends that the Court:

- Substitute the City of Corpus Christi as a defendant in place of the Corpus Christi Municipal Courts;

- Dismiss with prejudice all of Plaintiff's official-capacity claims against Judge Chapa, Judge Reyna, Judge Rivera, Supervisor Rivera, and John Does 1 through 10;

- Grant in part the Defendants' dismissal motion, (D.E. 25), as follows:

    o Dismiss Plaintiff's Fourth Amendment, Fifth Amendment, Sixth Amendment, Fourteenth Amendment, Unlawful Exercise of Admiralty or Maritime Jurisdiction, and Conspiracy to Violate Civil Rights claims without prejudice as barred by the *Younger* abstention doctrine to the extent Plaintiff seeks injunctive or declaratory relief on those claims;

    o Stay Plaintiff's Fourth Amendment, Fifth Amendment, Sixth Amendment, Fourteenth Amendment, Unlawful Exercise of Admiralty or Maritime Jurisdiction, and Conspiracy to Violate Civil Rights claims under the *Younger*

1 / 18

> abstention doctrine to the extent Plaintiff seeks monetary damages on those claims;
>
> - o Dismiss Plaintiff's malicious prosecution claim without prejudice as premature;
> - o Dismiss Plaintiff's Conspiracy Against Rights under 18 U.S.C. § 241, Deprivation of Rights under Color of Law under 18 U.S.C. § 242, and treason claims with prejudice as premature;
> - o Dismiss Plaintiff's Conspiracy Against Rights under 18 U.S.C. § 241, Deprivation of Rights under Color of Law under 18 U.S.C. § 242, and treason claims with prejudice for failure to state a claim upon which relief may be granted;
>
> - Deny Plaintiff's motion for preliminary injunction, (D.E. 34);
> - Deny Plaintiff's motion for sanctions, (D.E. 31);
> - Deny without prejudice Plaintiff's motions for substitute service of process and extension of time to effect service, (D.E. 28; D.E. 30);
> - Order Plaintiff to move to reopen this civil lawsuit within 30 days after entry of judgment or an order of dismissal in his state criminal cases;
> - Warn Plaintiff that failure to comply with the Court's order to move to reopen this civil lawsuit will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order; and
> - Administratively close this case.

(D.E. 35, p. 34–36). Plaintiff filed written objections to the M&R. (D.E. 36).[1]

---

[1] The Court also acknowledges that Plaintiff recently filed a petition for a writ of mandamus with the Fifth Circuit Court of Appeals. Nevertheless, the Court maintains jurisdiction while Plaintiff's petition is pending. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995).

## I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).[1] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)). When a party raises a new argument in his objections that was not first presented to the magistrate judge, it is not properly before the Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

---

[1] Under his tenth objection, Plaintiff challenges the standard of review the Court applies to the M&R. (D.E. 36, p. 13). "Plaintiff respectfully objects [to the M&R] and demands that the District Court perform a full, transparent, point-by-point review of Plaintiff's Amended Memorandum in Opposition, addressing each claim, each cited Supreme Court precedent, and each American Jurisprudence authority, so that justice is not denied by selective omission." *Id.* at 14. Rule 72(b)(3) and 28 U.S.C. § 636(b)(1)(C) require the Court to conduct a de novo review of any portions of the M&R properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). "De novo review entails an independent, from-scratch assessment of the evidence." *United States v. Cabello*, No. 25-40482, 2025 WL 2738463, at *1 (5th Cir. Sept. 23, 2025) (per curiam) (citing *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). Nor does de novo review require the Court to engage with each legal authority cited by Plaintiff. *See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (declining to find that a district court is required to provide analysis when it adopts a magistrate's recommendation for summary judgment). Plaintiff provides no legal support for his more exacting articulation of the applicable standard of review. *See* (D.E. 36, p. 13–14). Without legal support, the Court declines to apply Plaintiff's proffered standard of review to the M&R.

## II. Analysis

Plaintiff raises several objections to the M&R. (D.E. 36). The Court addresses each objection in turn.[2]

### A. *Younger* Abstention Doctrine

The M&R recommends the Court decline to exercise jurisdiction over Plaintiff's claims regarding his ongoing state criminal prosecution based on the *Younger* abstention doctrine. (D.E. 35, p. 20). In response, Plaintiff objects to the M&R and raises three arguments as to this recommendation: (1) the M&R misapplied the *Younger* abstention doctrine, (2) the bad faith exception applies, and (3) the extraordinary circumstances exception applies. (D.E. 36, p. 3–4).

The Court finds the *Younger* abstention doctrine applies to Plaintiff's claims. "The *Younger* doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). *Younger* abstention requires federal courts to decline to exercise jurisdiction when three conditions are satisfied: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). When a plaintiff fails to allege facts showing that special circumstances are present or that they are entitled to federal court intervention, *Younger* abstention is proper. *Driver v. Garcia*, No. H-15-0587, 2015 WL 12942418, at *3 (S.D. Tex. July 17, 2015) (Atlas, J.).

---

[2] The Court **OVERRRULES** any objection not explicitly discussed as lacking sufficient particularity. *Pelko*, 2024 WL 1972896, at *1.

All three *Younger* conditions are satisfied here. First, Plaintiff is facing prosecution on one or more state criminal charges in the Corpus Christi municipal court, (D.E. 21, p. 29–30), and he desires that the Court enjoin those state prosecutions, (D.E. 21-1, 18–22). Second, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain*, 731 F.2d at 1176. Third, Plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex*, 457 U.S. at 432.

As to the third requirement, Plaintiff alleges "the state forum has already refused to hear Plaintiff's constitutional objections[.]" (D.E. 36, p. 3). "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Plaintiff does not allege any facts that the state forum has already refused to hear his constitutional objections. *See* (D.E. 1); (D.E. 4); (D.E. 14); (D.E. 15); (D.E. 16); (D.E. 17); (D.E. 21); (D.E. 21-1); (D.E. 21-2); (D.E. 21-3); (D.E. 21-4); (D.E. 21-4); (D.E. 28); (D.E. 29); (D.E. 30); (D.E. 31); (D.E. 32); (D.E. 33); (D.E. 34). In the absence of those facts, the Court finds Plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex*, 457 U.S. at 432. Because all three conditions are met, the Court finds the *Younger* abstention doctrine applies.

Next, the Court addresses Plaintiff's argument that an exception to the *Younger* abstention doctrine applies. The Court may refuse to abstain under *Younger* if "(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, [or] (2) the state statute [upon which the prosecution is based] is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) application of the doctrine was

waived." *Frericks v. Rockwall Cnty.*, No. 3:25-cv-2148, 2025 WL 2858904, at *6 (N.D. Tex. Sept. 4, 2025) (Horan, Mag. J.) (citation omitted), *adopted*, No. 3:25-CV-2148-S-BN, 2025 WL 2856309, at *1 (N.D. Tex. Oct. 8, 2025) (Scholer, J.). Plaintiff bears the burden of demonstrating an exception applies. *See Gates v. Strain*, 885 F.3d 874, 881 (5th Cir. 2018) (citation omitted).

As to the first exception, Plaintiff must demonstrate his conduct is constitutionally protected and the State's criminal prosecution is motivated, at least in part, by a purpose to retaliate or deter that conduct. *Wilson v. Thompson*, 593 F.3 F.2d 1375, 1382–83 (5th Cir. 1979). Plaintiff argues "Defendants engaged in a pattern of reissuing warrants, manipulating schedules, and proceeding without prosecutor involvement." (D.E 36, p. 3). Even liberally construed, Plaintiff has failed to meet his burden.

Conclusory allegations are insufficient to establish this exception applies. *See Malin v. Tex. Dep't of Fam. & Protective Servs.*, No. 4:24-cv-04434, 2024 WL 5410107, at *4 (S.D. Tex. Dec. 13, 2024) (Ho., Mag. J.), *adopted*, No. 4:24-cv-04434, 2025 WL 490482, at *1 (S.D. Tex. Feb. 13, 2025) (Eskridge, J.). Plaintiff's conclusory allegations, without any factual support, do not demonstrate Defendants had motivations to retaliate against him for engaging in protected conduct or to deter his future protected conduct. *See* (D.E. 1); (D.E. 21); (D.E. 21-1); (D.E. 32); (D.E. 36). Nor does Plaintiff allege facts proving his conduct is protected. *See* (D.E. 1); (D.E. 21); (D.E. 21-1); (D.E. 32); (D.E. 36). Because Plaintiff fails to provide factual support beyond his conclusory allegations, the Court declines to find this exception applies. *Malin*, 2024 WL 5410107, at *4.

In the alternative, Plaintiff objects to the M&R and contends this case "constitutes extraordinary circumstances that make abstention inappropriate." (D.E. 36, p. 3).[3] Plaintiff argues

---

[3] To the extent Plaintiff argues that the state statutes which form the basis of his prosecution are unconstitutional, the Court **OVERRULES** that objection. The M&R correctly found the statutes under which Plaintiff faces prosecution are not unconstitutional. (D.E. 35, p. 22–24). Furthermore, nothing in Plaintiff's objections suggest that the *Younger* abstention doctrine has been waived. *See* (D.E. 36, p. 3–4).

Defendants are "disguis[ing] admiralty or equity proceedings as common-law criminal cases, proceeding without a prosecutor and with unsigned charging instruments. This fraud by silence, combined with judicial usurpation of jury functions, constitutes extraordinary circumstances that make abstention inappropriate." *Id.*[4] In evaluating extraordinary circumstances, Plaintiff must demonstrate "a clear showing of both great and immediate harm." *Wilson v. Gallagher*, 4:21-CV-526-P, 2021 WL 2917238, at *4 (N.D. Tex. July 12, 2021) (Pittman, J.). Here, Plaintiff fails to provide sufficient facts for this inquiry. (D.E. 1); (D.E. 21); (D.E. 21-1); (D.E. 32); (D.E. 36). In the absence of such facts, the Court finds no extraordinary circumstances are present here. *Blakely v. Andrade*, F.Supp.3d 453, 471 (N.D. Tex. 2019) (Boyle, J.) (applying *Younger* abstention where a party failed to demonstrate an exception applied).

Finally, Plaintiff objects that "the M&R's conclusion that 'no exception applies' is not supported by analysis. It simply recites the *Younger* rule without addressing Plaintiff's factual allegations or cited authorities." (D.E. 36, p. 3). First, as discussed above, neither the M&R nor this Court are required to engage with each of Plaintiff's cited authorities. *See, e.g.*, *Habets*, 363 F.3d at 381. Second, the M&R's analysis was detailed and, after conducting a de novo review of the facts and applicable law, the Court agrees with the M&R's analysis.[5]

---

[4] Plaintiff repeatedly argues the state courts lack jurisdiction. *See* (D.E. 36). For example, he contends "the municipal court proceeded without a valid charging instrument, thereby lacking jurisdiction from inception." *Id.* at 5. Plaintiff fails to allege sufficient facts showing a lack of jurisdiction. (D.E. 1); (D.E. 21); (D.E. 21-1); (D.E. 32); (D.E. 36). Plaintiff's proffered 1971 Texas Attorney General opinion, which he argues demonstrates Defendants lack jurisdiction, is devoid of any reference to municipal courts or their jurisdiction. (D.E. 35, p. 26–27; D.E. 21-3, p. 29). And lastly, Plaintiff's arguments as to the state court's jurisdiction fall well within the *Younger* abstention doctrine. (D.E. 35, p. 24–25). The Court declines to consider Plaintiff's unsupported jurisdictional arguments in its analysis.

[5] Plaintiff relies on *Mitchum v. Foster*, 407 U.S. 225 (1972), to argue abstention is the exception, not the rule. (D.E. 36, p. 4). In *Mitchum*, the United States Supreme Court reaffirmed that "federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights." *Id.* at 242 (collecting cases). But *Mitchum* also reaffirmed a federal court's ability to decline to intervene in state criminal proceedings pursuant to *Younger* abstention. *Id.* at 229–31. Although the Court recognizes abstention is the exception, state court criminal proceedings represent a kind of exception to the exception—under *Younger* federal courts may only

Because the Court finds the *Younger* abstention doctrine applies and the exceptions are inapplicable, the Court **OVERRULES** Plaintiff's objection.

### B. Failure to Address Plaintiff's Federal Constitutional Authorities & Ignoring Established American Jurisprudence Authorities Demonstrates Bias

Next, Plaintiff generally objects to the M&R and argues it failed to address Plaintiff's federal constitutional authorities and ignored established American jurisprudence. (D.E. 36, p. 4–5). Within this objection, Plaintiff fails to point with specificity to any alleged error in the M&R's analysis. *Id.* "Conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable." *Palomo v. Collier*, No. 2:23-CV-00037, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (Ramos, J.) (citations omitted). Accordingly, the Court **OVERRULES** this objection.

### C. Prosecutor-Signature Defect Disregarded

Absent from the M&R is discussion of a prosecutor-signature defect. Plaintiff objects to the M&R and argues this defect was disregarded and warrants sustaining his objection. (D.E. 36, p. 5–6). This argument is nowhere to be found in any of Plaintiff's filings prior to the M&R. *See* (D.E. 1); (D.E. 4); (D.E. 14); (D.E. 15); (D.E. 16); (D.E. 17); (D.E. 21); (D.E. 21-1); (D.E. 21-2); (D.E. 21-3); (D.E. 21-4); (D.E. 21-4); (D.E. 28); (D.E. 29); (D.E. 30); (D.E. 31); (D.E. 32); (D.E. 33); (D.E. 34). Because Plaintiff did not raise this issue before the Magistrate Judge, it is not properly before the Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). The Court **OVERRULES** Plaintiff's objection.

---

intervene in state criminal proceedings in limited circumstances. Because this case implicates no such circumstances, the Court must apply *Younger* and abstain.

### D. Improper Judicial Fact-Finding in Violation of the Seventh Amendment & Seventh Amendment Mandates Jury Determination of Disputed Facts

Next, Plaintiff objects to the M&R, arguing it "improperly engaged in judicial fact-finding by taking notice of alleged municipal warrants posted on court websites and using them to support abstention." (D.E. 36, p. 6); *see also id.* at 15–16. The M&R took judicial notice of Plaintiff's six outstanding warrants in the Corpus Christi Municipal Courts under Federal Rule of Evidence 201. (D.E. 35, p. 3 n.1). Plaintiff contends this judicial notice was procedurally improper. (D.E. 36, p. 6–7). The Court disagrees. Federal Rule of Evidence 201 permits a court to "take judicial notice on its own." Fed. R. Evid. 201(c). A court "may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). The M&R took judicial notice within a stage of Plaintiff's proceeding. (D.E. 35, p. 3 n.1).

Plaintiff further argues the warrants are not the type of documents that the Court can take judicial notice of as the "authenticity and validity of these warrants are directly contested." (D.E. 36, p. 6). Courts are permitted to take judicial notice of public records under Federal Rule of Evidence 201. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "Arrest warrants are public records, and courts routinely take judicial notice of them." *Wright v. Moore*, No. 3:20-CV-473-DPJ-FKB, 2021 WL 4190631, at *7 (S.D. Miss. Sept. 14, 2021) (Jordan, J.) (collecting cases). Although Plaintiff may challenge the authenticity of the warrants, a warrant "is self-authenticating as it bears the seal and the signature of the issuing judge." *Id.* at *8 (collecting cases). As such, it was not improper for Judge Neurock to judicially notice Plaintiff's outstanding arrest warrants. The Court **OVERRULES** Plaintiff's objection.

### E. Prejudice From "Sovereign Citizen" Label and Selective Treatment of Claims

Plaintiff objects to the M&R on the grounds that it referred to Plaintiff as a "sovereign citizen," arguing that "this selective framing accepting Defendants' prejudicial characterization

while ignoring Plaintiff's cited authorities and factual allegations creates an appearance of bias and undermines confidence in impartial adjudication." (D.E. 36, p. 8). As the M&R expressly stated, however, "[t]he undersigned has not relied on the defendants' use of [sovereign citizen] in evaluating the merits of Plaintiff's claims, but has instead applied the law independently of any such label." (D.E. 35, p. 34). Based on the M&R's engagement and consideration of Plaintiff's arguments, the Court finds the M&R did not accept Defendants' supposedly prejudicial characterization. The Court **OVERRULES** Plaintiff's objection.

### F. Relief Calibration Error

Next, Plaintiff objects to the M&R, contending that the M&R erred in dismissing his claims and administratively closing the case. (D.E. 36, p. 28). He contends that "when damages claims cannot be adjudicated due to *Younger*, they must be stayed, not dismissed." (D.E. 36, p. 9) (citing *Deakins v. Monaghan*, 484 U.S. 193, 2022 (1988)). The M&R, however, makes this exact recommendation. (D.E. 35, p. 35) (recommending the Court stay Plaintiff's claims under the Fourth Amendment, Fifth Amendment, Sixth Amendment, Fourteenth Amendment, Unlawful Exercise of Admiralty or Maritime, and Conspiracy to Violate Civil Rights pursuant to the *Younger* abstention doctrine to the extent Plaintiff seeks monetary damages on those claims). The Court **OVERRULES** Plaintiff's objection.

### G. Procedural Bias

Next, Plaintiff objects to the M&R on two allegedly procedural grounds: (1) the M&R deprived Plaintiff of the opportunity to file his Amended Memorandum in Opposition, and (2) the Magistrate Judge did not require Defendants to respond to Plaintiff's opposition. (D.E. 36, p. 10).

As to Plaintiff's first argument, the Court acknowledges Plaintiff complied with the Local Rules in filing his Amended Memorandum in Opposition. *See* Local Rule 7.3; Local Rule 7.4. However, Plaintiff's Amended Memorandum contains the same disjointed factual statements and

conclusions of law as his original amended memorandum. *Compare* (D.E. 32), *with* (D.E. 39). Further, it reiterates the same arguments contained in Plaintiff's amended complaint and initial amended memorandum. (D.E. 21); (D.E. 21-1); (D.E. 21-2); (D.E. 21-3); (D.E. 21-4); (D.E. 21-5); (D.E. 32). Reviewing Plaintiff's Amended Memorandum, the Court does not find arguments or evidence that would alter the M&R's analysis. Accordingly, the Court **OVERRULES** Plaintiff's objection.

The Court also rejects Plaintiff's second argument. Defendants were not required to respond to Plaintiff's Amended Memorandum. Plaintiff's Amended Memorandum can be characterized, at best, as a response to Defendants' motion to dismiss, requiring no response from Defendants. *See* Local Rule 7.4. Further, absent from the local rules and the Federal Rules of Civil Procedure is a requirement for a party to respond to an opposing party's non-dispositive memorandum. Finally, Plaintiff does not explain how consideration of his Amended Memorandum would alter the M&R's analysis, (D.E. 36, p. 10), and the Court's own independent review reveals that it does not do so. The Court **OVERRULES** Plaintiff's objection.

### H. Structural & Institutional Bias & Cumulative Evidence of Bias and Structural Conflict

Plaintiff next argues he initially filed his claims in the Southern District of Texas, Victoria Division, "to avoid the very structural conflicts of interest now evident in this case." (D.E. 36, p. 10).[6] Plaintiff's objection fails to specify which findings of the M&R it is directed toward. *Id.* Because Plaintiff's objection fails to object to a specific finding, the Court **OVERRULES** it.

---

[6] In any event, Plaintiff's choice between the Victoria and Corpus Christi Divisions does not change the judges who could be assigned to his case: The same federal judges receive all civil cases filed in both divisions. Therefore, regardless of whether Plaintiff filed in the Victoria Division, his case would be assigned to the same federal judges.

I. **Judicial Review of Plaintiff's Amended Memorandum in Opposition is Required**

Plaintiff objects to the M&R, contending review of his Amended Memorandum in Opposition is required. (D.E. 36, p. 13). Plaintiff filed two separate memorandums in opposition. (D.E. 32); (D.E. 39). The M&R references and addresses Plaintiff's initial memorandum. (D.E. 35, p. 14, 15, 18, 23). To the extent Plaintiff's objection is directed at the M&R's use of his original memorandum, the Court finds the M&R judicially reviewed it under the correct legal standard of review and **OVERRULES** Plaintiff's objection.

As to Plaintiff's amended memorandum, Plaintiff contends his filing "is not redundant; it contains expanded authorities, additional factual support, and undeniable precedent demonstrating the constitutional violations of the municipal courts." (D.E. 36, p. 13). Regardless of whether review is required, the Court finds Plaintiff's Amended Memorandum is redundant. It does not contain additional factual support, nor does it contain undeniable precedent demonstrating constitutional violations by the municipal courts. Further, this memorandum does not alter the Court's analysis of Plaintiff's claims. The Court **OVERRULES** Plaintiff's objection.

J. **Magistrate's mishandling of service on Defendant Roberto Reyna demonstrates further bias and advocacy**

Plaintiff objects to the M&R, arguing Judge Neurock failed to consider his diligent efforts in serving Defendant Roberto Reyna. (D.E. 36, p. 21–23). Plaintiffs are responsible for adequately serving defendants within the required time frame. Fed. R. Civ. P. 4(c)(1). Consistent with its recommendation to stay some of Plaintiff's claims, the M&R permits Plaintiff to reopen his case upon the completion of his state criminal proceedings and to then seek an extension of time to serve or request substitute methods of service. (D.E. 35, p. 34). The Court does not find that requiring Plaintiff to serve Defendants, as required by the Federal Rules of Civil Procedure, to be judicial advocacy.

Plaintiff further argues that Judge Neurock caused Plaintiff to incur costs trying to serve Defendant Reyna, and then decided to stay the case, resulting in the imposition of a financial burden on Plaintiff. (D.E. 36, p. 21–22). Plaintiff is permitted to raise these issues, if and when, the stay in his case is lifted as his motions were denied without prejudice. (D.E. 35, p. 34–35); *see also* Fed. R. Civ. P. 41(a)(2). "A dismissal without prejudice leaves the plaintiff free to re-file the [motions]." *Williams v. Morrison*, No. 6:14cv884, 2016 WL 4577823, at *4 n.2 (E.D. Tex. Sept. 2, 2016) (Clark, J.) (citing *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).

The Court **OVERRULES** Plaintiff's objection.

### K. Failure to address Federal Decriminalization of Marijuana (Drug Policy Reform Act of 2021)

Absent from the M&R is discussion of the Drug Policy Reform Act of 2021. Plaintiff objects to the M&R and argues the M&R's failure to address this Act warrants sustaining his objection. (D.E. 36, p. 17). This argument is nowhere to be found in Plaintiff's filings filed before the M&R's entry. *See* (D.E. 1); (D.E. 4); (D.E. 14); (D.E. 15); (D.E. 16); (D.E. 17); (D.E. 21); (D.E. 21-1); (D.E. 21-2); (D.E. 21-3); (D.E. 21-4); (D.E. 28); (D.E. 29); (D.E. 30); (D.E. 31); (D.E. 32); (D.E. 33); (D.E. 34). Because Plaintiff did not raise this issue before the Magistrate Judge, it is not properly before the Court. *Finley*, 243 F.3d at 218 n.3. The Court **OVERRULES** Plaintiff's objection.

### L. Recusal of Magistrate Judge Mitchel Neurock for Bias and Appearance of Partiality

Plaintiff objects to the M&R seeking recusal of Magistrate Judge Neurock, and he subsequently filed a motion for recusal. (D.E. 36, p. 25); (D.E. 38). Recusal is governed by 28 U.S.C. § 455 and 28 U.S.C. § 144. "The requirements of the two sections are similar, if not identical." *Johnson v. Tipton*, No. 6:23-CV-00023, 2023 WL 11857645, at *1 (S.D. Tex. June 21, 2023) (Hampton, Mag. J.) (citation omitted). Section 455(a) states, "Any justice, judge, or

magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 144 states in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. To be legally sufficient, a plaintiff must file an affidavit meeting the following requirements: "(1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature." *Johnson*, 2023 WL 11857645, at *1 (citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990)).

The district judge has the discretion himself to determine a motion for recusal. *Maldonado v. Ashcroft*, 108 F. App'x 221, 222 (5th Cir. 2004) (per curiam) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n.7 (5th Cir. 1996)). The Court's opinion that it is unbiased is irrelevant; rather, the Court must apply an objective test to the facts alleged. *Garcia v. City of Laredo*, No. CV L-10-30, 2011 WL 13248841, at *1 (S.D. Tex. Sept. 13, 2011) (Alvarez, J.), *aff'd*, 702 F.3d 788 (5th Cir. 2012). In interpreting these statutes, the Fifth Circuit has noted that "[a]dverse judicial rulings alone[] . . . do not support an allegation of bias under 28 U.S.C. §§ 455 or 144[.]" *Maldonado*, 108 F. App'x at 222; *see also Waris v. Harris Cnty.*, No. H-06-1331, 2007 WL 1791661, at *1 (S.D. Tex. June 19, 2007) (Johnson, Mag. J.) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))). Congress requires a judge's recusal in two situations—first, if a judge's "impartiality might

reasonably be questioned" and second, under several specific factual circumstances set out in the statute. 28 U.S.C. § 455(a)–(b).[7]

Here, Plaintiff has not filed an affidavit pursuant to § 144.[8] His motion fails to meet the threshold affidavit requirement under § 144 as it was not submitted "under penalty of perjury." *See Johnson*, 2023 WL 11857645, at *1. The Court nevertheless will consider the merits of Plaintiff's motion under both § 144 and § 455, given that "[t]he requirements of the two sections are similar, if not identical." *Id.* (citation omitted).

Plaintiff's reason for seeking recusal hinges on his complaints about Judge Neurock's M&R, including the M&R's purported failure to address the federal decriminalization of marijuana, as well as Judge Neurock requiring Plaintiff to serve Defendant Robert Reyna. (D.E. 38, 3–8). Adverse rulings alone do not constitute grounds for recusal under § 455. *Maldonado*, 108 F. App'x at 222. Neither Plaintiff's objections to certain rulings nor his general,

---

[7] Subsection (b) states that a judge shall disqualify himself:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
      (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
      (ii) Is acting as a lawyer in the proceeding;
      (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
      (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.
28 U.S.C. § 455(b).

[8] Plaintiff filed a motion following his objections to the M&R. (D.E. 38).

unsupported claims about the Court's decision-making reasonably call into question Magistrate Judge Neurock's impartiality. Plaintiff also cites to none of the circumstances listed in § 455(b) as applicable in this case. Furthermore, Plaintiff fails to identify any fact that would convince a reasonable person that Magistrate Judge Neurock has a personal bias or prejudice against Plaintiff in favor of the Defendants in this case. Because Plaintiff has articulated no sufficient basis for recusal under either § 144 or § 455, the Court **OVERRULES** Plaintiff's objection and **DENIES** his motion for recusal, (D.E. 38).

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 36), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 35). Accordingly, the Court:

- **SUBSTITUTES** the City of Corpus Christi as a defendant in place of the Corpus Christi Municipal Courts;
- **DISMISSES with prejudice** all of Plaintiff's official capacity claims against Judge Chapa, Judge Reyna, Judge Rivera, Supervisor Rivera, and John Does 1 through 10;
- **GRANT in part** the Defendants' dismissal motion, (D.E. 25), as follows:
  - **DISMISSES** Plaintiff's Fourth Amendment, Fifth Amendment, Sixth Amendment, Fourteenth Amendment, Unlawful Exercise of Admiralty or Maritime, and Conspiracy to Violate Civil Rights without prejudice as barred by the *Younger* abstention doctrine to the extent Plaintiff seeks injunctive or declaratory relief on those claims;

- o **STAYS** claims Plaintiff's Fourth Amendment, Fifth Amendment, Sixth Amendment, Fourteenth Amendment, Unlawful Exercise of Admiralty or Maritime, and Conspiracy to Violate Civil Rights under the *Younger* abstention doctrine to the extent Plaintiff seeks monetary damages on those claims;
- o **DISMISSES** Plaintiff's malicious prosecution claim without prejudice as premature;
- o **DISMISSES** Plaintiff's Conspiracy Against Rights under 18 U.S.C. § 241, Deprivation of Rights under Color of Law under 18 U.S.C. § 242, and treason claims with prejudice as premature;
- o **DISMISSES** Plaintiff's Conspiracy Against Rights under 18 U.S.C. § 241, Deprivation of Rights under Color of Law under 18 U.S.C. § 242, and treason claims with prejudice for failure to state a claim upon which relief may be granted;
- **DENIES** Plaintiff's motion for preliminary injunction, (D.E. 34);
- **DENIES** Plaintiff's motion for sanctions, (D.E. 31);
- **DENIES** without prejudice Plaintiff's motions for substitute service of process and extension of time to effect service, (D.E. 28; D.E. 30);
- **ORDERS** Plaintiff to reopen this civil lawsuit within 30 days after entry of judgment or an order of dismissal in his state criminal cases;
- **WARNS** Plaintiff that failure to comply with the Court's order to move to reopen this civil lawsuit will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order; and
- **DIRECTS** the Clerk of Court administratively close this case; and,

- **DENIES** as moot any remaining pending motions.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
December 3rd, 2025